IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TYRONE GREEN | : | CIVIL ACTION |
| v. | : | |
| UNITED STATES OF AMERICA, et al. | : | NO. 10-0568 |

MEMORANDUM

McLAUGHLIN, J.                          MARCH 17, 2010

Plaintiff, an inmate, has filed a pro se 42 U.S.C. § 1983 civil rights action against the United States of America, the Commonwealth of Pennsylvania, Chester County, Pennsylvania, three Judges, two police detectives and three district attorneys. He is alleging that his constitutional rights were violated because the original criminal complaint that was filed against him was not signed by the affiant and the issuing authority.

For the following reasons, all of plaintiff's claims, except the claims against Chester County, Pennsylvania, Detective Grandizzio and Detective Schneider, will be dismissed pursuant to 28 U.S.C. § 1915(e).

A.    Claims against the United States

Sovereign immunity bars lawsuits against the United States unless Congress has specifically waived that immunity. United States v. Mitchell, 445 U.S. 535 (1980); United v. Testan, 424 U.S. 392 (1976). Neither the Constitution nor 28 U.S.C. § 1331 acts as such a waiver. Jaffee v. United States, 592 F.2d 712 (3d Cir.), cert. denied, 441 U.S. 961 (1979). Therefore, the United States is entitled to sovereign immunity.

B.  **Claims against the Commonwealth of Pennsylvania**

The Eleventh Amendment to the United States Constitution prohibits actions for damages against a state in federal court unless the state has waived its immunity. U.S. Const. amend. XI; Edelman v. Jordan, 415 U.S. 651 (1974). Moreover, the United States Supreme Court has held that a "[a] state is not a person within the meaning of § 1983." Will v. Michigan Dept. of State Police, 491 U.S. 58, 64 (1989) There is no waiver of state immunity applicable to this case.

C.  **Judicial Immunity**

Judges have absolute immunity from § 1983 actions seeking money damages for actions performed in a judicial capacity. Stump v. Sparkman, 435 U.S. 349 (1978). Nothing in this complaint suggests that Judge Dawson R. Muth, Judge Paula Francisco-Ott and Judge Brenda Bicking were acting outside of their judicial capacity in connection with plaintiff's criminal case. Therefore, plaintiff's claims against these defendants must be dismissed.

D.  **Prosecutorial Immunity**

The Supreme Court has held that prosecutors enjoy absolute immunity from liability for money damages under § 1983 for any actions taken within the scope of their duties as prosecutors. Imbler v. Pachtman, 424 U.S. 409, 431 (1976). There is nothing in this complaint that suggests that District Attorneys Joseph Carroll, Anthony Sarcione and Nicholas Casenta acted outside the

scope of their prosecutorial duties. Therefore, the claims against them will be dismissed.

BY THE COURT:

_____
MARY A. McLAUGHLIN, J.