IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA


TYRONE GREEN                    :           CIVIL ACTION
                                :
     v.                         :
                                :
UNITED STATES OF AMERICA,       :
et al.                          :           NO. 10-568


MEMORANDUM


        The plaintiff, Tyrone Green, is a pro se prisoner
currently incarcerated at the State Correctional Institution at
Huntingdon in Pennsylvania.  He brought suit under 42 U.S.C. §
1983, for constitutional violations relating to his arrest and
conviction.  The defendants who remain in this action are Chester
County, Pennsylvania; Detective Grandizio; and Detective
Schneider.  Three motions are currently before the Court: the
defendants' Motion for Judgment on the Pleadings or for Summary
Judgment, the plaintiff's Motion to Amend Civil Complaint, and
the plaintiff's Motion for Leave of Court to Amend Complaint.
For the reasons stated below, the Court grants the defendants'
motion, denies the plaintiff's motions, and dismisses the case.


I.   Background

        On December 28, 1993, the plaintiff was arrested for an
incident involving a robbery and homicide at a laundromat in
Coatesville, Pennsylvania.  After two trials in state court, he

was found guilty of murder in the second degree and robbery, along with other offenses, and he was sentenced to life imprisonment.  Green v. Wolfe, No. 03-6879, 2004 U.S. Dist. LEXIS 15748, at *2-5 (E.D. Pa. Aug. 3, 2004) (habeas report and recommendation) adopted by Green v. Wolfe, No. 03-6879, 2004 U.S. Dist. LEXIS 19035 (E.D. Pa. Sept. 1, 2004).

The plaintiff's judgment of sentence was affirmed. Commonwealth v. Green, 706 A.2d 1252 (Pa. Super. Ct. 1997); Commonwealth v. Green, 724 A.2d 936 (Pa. 1998) (denying petition for allowance of appeal).  The trial court denied his petition for post-conviction relief, and the Superior Court of Pennsylvania affirmed the denial of that petition.  See Commonwealth v. Green, 816 A.2d 328 (Pa. Super. Ct. 2002).  The Supreme Court of Pennsylvania denied his  request for allowance of appeal.  Commonwealth v. Green, 839 A.2d 351 (Pa. 2003).

On December 24, 2003, the plaintiff filed his first petition for a writ of habeas corpus with the Court.  Adopting a report and recommendation from Magistrate Judge Diane M. Welsh, the Court denied and dismissed the petition, and it did not issue a certificate of appealability.  Green, 2004 U.S. Dist. LEXIS 19035.

On March 6, 2006, the plaintiff filed a second petition for a writ of habeas corpus with the Court.  The Court again denied and dismissed the petition, and it did not issue a

certificate of appealability.  <u>Green v. Grace</u>, No. 06-1002, 2006

U.S. Dist. LEXIS 45941 (E.D. Pa. July 7, 2006).[1]

The plaintiff filed the instant action under 42 U.S.C.

§ 1983 on January 28, 2010.[2]  He alleges that his constitutional

rights have been violated because the criminal complaint that

underlies his conviction is defective - it was not signed by both

the affiant and issuing authority, as required by the

Pennsylvania Rules of Criminal Procedure.  He also alleges that

when he alerted the state court to this defect through a

subsequent post-conviction relief petition filed on May 15, 2009,

District Attorney Nicholas Casenta produced a falsified criminal

complaint that was properly signed.  He argues that proof of this

falsification is evident by the different docket numbers on the

documents.  The criminal proceedings against the plaintiff were,

therefore, unlawful.  Compl. ¶¶ 14, 15, 17, 23-25, 27-29, 33.

The plaintiff seeks an award of compensatory damages of

fifty million dollars, punitive damages, costs, and referral to

the United States Attorney General for prosecution.  He also

seeks a finding that the judgment resulting from the criminal

---

[1] The plaintiff filed other actions with the Court related
to his habeas petition: Civil Action Nos. 06-4908, 09-926.

[2] The plaintiff initiated his suit in the United States
District Court for the Middle District of Pennsylvania.  <u>Green v.
United States</u>, No. 10-226 (M.D. Pa.).  That court granted the
plaintiff leave to proceed in forma pauperis.  It then
transferred the matter to this Court on February 9, 2010.

complaint violated the plaintiff's constitutional rights, and that the state court lacked jurisdiction.[3]

On March 17, 2010, the Court granted the plaintiff leave to proceed in forma pauperis and dismissed all of the plaintiff's claims except those against the remaining defendants. The defendants waived service and answered the complaint on April 23, 2010.  On May 28, 2010, they filed a motion for judgment on the pleadings or for summary judgment.  The petitioner filed a motion to amend his complaint on June 16, 2010.  The Court held a telephonic Rule 16 status conference with the parties on June 17, 2010, to discuss the case and pending motions.[4]  The plaintiff's sister participated in the call as a support to the plaintiff. The Court set a briefing schedule for the defendants' motion, and thereafter, the plaintiff opposed the motion and moved for leave to file an amended complaint to supercede all prior complaints.

---

[3] The plaintiff does not expressly ask that the Court find the judgment void; several words in the complaint, including the first word under his requested relief section, are blackened out. See, e.g., ¶¶ 15, 33(a).

[4] Other motions pending before the Court were the plaintiff's two motions for appointment of counsel, motion to compel discovery, and motion for continuance/a stay of the defendants' motion for summary judgment.  On June 18, 2010, the Court denied these motions without prejudice.  It stated that it would reconsider the motions if they became relevant after deciding the defendants' motion for judgment on the pleadings or for summary judgment.  Upon deciding the defendants' motion, as stated in this memorandum and accompanying Order, the Court finds it unnecessary to reconsider its ruling on the prior motions.

Pl.'s Opp. 3-4.[5]

In their pending motion, the defendants argue that,
first, the action must be dismissed for failure to state a claim
because the complaint is an impermissible attack on the
plaintiff's conviction and sentence.  Second, the complaint fails
to state a claim against the County of Chester because it
contains bare legal conclusions.  Third, the plaintiff is
mistaken about the impropriety of the criminal complaint.  The
complaint was properly signed, and any apparent lack of signature
was the result of the complaint being part of a multi-paged
carbonless form, such that handwriting did not carry through to
all pages.  Also, the different docket numbers do not demonstrate
fraud because all criminal actions have multiple docket numbers
as they proceed through the state process.  The OTN number
assigned by the Administrative Office of the Pennsylvania Courts
remained the same on all forms related to the plaintiff's
criminal action.

The plaintiff argues in his opposition and in his
motion for leave to file an amended complaint that he is not
challenging the underlying conviction or seeking directly his

---

[5] The Court denies as moot the plaintiff's Motion to Amend
Civil Complaint, dated June 16, 2010 (Docket No. 20), for this
reason.  That said, this proposed amended complaint appears to
restate the claims outlined in the initial complaint and the
second proposed amended complaint, and it would fail for the
reasons stated in this memorandum.

release.  Rather, he challenges his initial arrest and later
detainment, based on violations of the Fourth Amendment and a
lack of probable cause.  He also argues that the criminal
complaint is still fraudulent and that the defendants have not
proved otherwise.  He asserts these allegations in his second
proposed amended complaint that accompanies his opposition brief
("Am. Compl.").

II.  <u>Analysis</u>

Federal Rule of Civil Procedure 12(c) provides: "After
the pleadings are closed - but early enough not to delay trial -
a party may move for judgment on the pleadings."  Fed. R. Civ. P.
12(c).  A motion for judgment on the pleadings may raise the
defense of failure to state a claim upon which relief may be
granted.  Fed. R. Civ. P. 12(h)(2).

Upon consideration of the defense of failure to state a
claim, a court must accept as true all of the factual allegations
in the complaint, but it may set aside the legal conclusions.
<u>Fowler v. UPMC Shadyside</u>, 578 F.3d 203, 210 (3d Cir. 2009).  It
must then determine whether the facts alleged in the complaint
are sufficient to show that the plaintiff has a "plausible claim
for relief."  <u>Id.</u> at 211 (quoting <u>Ashcroft v. Iqbal</u>, 129 S. Ct.
1937, 1950 (2009)).

Pro se pleadings are to be liberally construed.
<u>Erickson v. Pardus</u>, 551 U.S. 89, 94 (2007).  Before dismissing a

6

complaint for failure to state a claim, a district court must permit a "curative amendment unless such an amendment would be inequitable or futile." Phillips v. County of Allegheny, 515 F.3d 224, 245 (3d Cir. 2008).

Pursuant to the Federal Rules of Civil Procedure, a party may amend its pleading either with the opposing party's written consent or the court's leave. Fed. R. Civ. P. 15(a)(2). A court should freely give leave when justice so requires. Id. Leave should be granted in the absence of undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of the amendment. Forman v. Davis, 371 U.S. 178, 182 (1962). A court determines the futility of a proposed amendment by the amendment's ability to survive a motion to dismiss for failure to state a claim. In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1434 (3d Cir. 1997).

The Court finds as a matter of law that the plaintiff's initial complaint must be dismissed for failure to state a claim upon which relief may be granted. The complaint alleges that the plaintiff's constitutional rights were violated because the criminal complaint underlying his conviction was procedurally defective. Further, the defendants produced a fraudulent complaint to hide this defect. The state court, therefore, lacked jurisdiction to render a judgment against the plaintiff.

These allegations challenge the validity of the plaintiff's conviction. After appeals, state post-conviction relief proceedings, and federal habeas proceedings, the plaintiff's conviction and sentence have never been found invalid. The plaintiff's action is therefore barred. Heck v. Humphrey, 512 U.S. 477 (1994); Preiser v. Rodriguez, 411 U.S. 475 (1973).

The plaintiff's second proposed amended complaint fairs no better. In this complaint, the plaintiff asserts that his arrest was unlawful and without the appropriate probable cause determination, resulting in a violation of the Fourth Amendment. He also reasserts his due process violations based on the allegedly defective complaint, and he brings state law claims of false imprisonment, false arrest, and fraud.

With respect to the plaintiff's claims under the Fourth Amendment and for false imprisonment and false arrest, the plaintiff appears to assert, at least in part, that the arrest on December 28, 1993, was unlawful because there was no probable cause determination. Am. Compl. ¶ 31. To the extent that this claim does not invalidate the plaintiff's conviction, it is not barred by Heck v. Humphrey. See 512 U.S. at 487. The claim is barred, however, by the two-year statute of limitations. The plaintiff had a preliminary hearing on January 5, 1994. His claims accrued when he appeared before a magistrate and was bound

over for trial or arraigned on charges. <u>See</u> <u>Wallace v. Kato</u>, 549 U.S. 384 (2007); <u>see</u> 42 Pa. Cons. Stat. Ann. § 5524(2), (7).

The plaintiff also appears to assert that his Fourth Amendment claim is rooted in his due process claim regarding the improper criminal complaint. <u>See</u> Pl.'s Opp. at 8; Am. Compl. ¶¶ 10-14. To the extent that this claim relates to the underlying criminal complaint, such that it would invalidate his conviction, the claim is barred by <u>Heck v. Humphrey</u>.

The plaintiff's due process and fraud claims, which are premised on the allegedly defective criminal complaint and challenge the validity of his conviction, are barred pursuant to <u>Heck v. Humphrey</u> for the reasons stated above.

III. <u>Conclusion</u>

For the reasons herein stated, the defendants' Motion for Judgment on the Pleadings or for Summary Judgment is granted. The plaintiff's Motion to Amend Civil Complaint and Motion for Leave of Court to Amend Complaint are denied.

An appropriate order shall issue separately.